Gregory P. Goonan (CBN 119821)
**THE AFFINITY LAW GROUP®**
5755 Oberlin Drive, Suite 200
San Diego, CA 92121
Telephone: (858) 412-4296
Facsimile: (619) 243-0088
Email: ggoonan@affinity-law.com

Attorneys for Plaintiff
Pinup Culture LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINUP CULTURE LLC, a California limited liability company,<br><br>                Plaintiff,<br>vs.<br><br>LEGACY BREWING HOLDINGS CO., a California corporation,<br><br>                Defendant. | CASE NO. '17CV1470 BTM JMA<br><br>**COMPLAINT FOR FEDERAL UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN (15 USC § 1125(a); COMMON LAW TRADEMARK INFRINGEMENT; UNFAIR COMPETITION (CAL BUS & PROF CODE § 17200 et seq.); AND COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Pinup Culture LLC ("Pinup Culture") alleges as follows for its complaint in this matter:

## INTRODUCTION

1. This is an action for damages, injunctive relief, and other relief arising out of the infringement by defendant Legacy Brewing Holdings Co. ("Defendant") of Pinup Culture's trademark rights as well as a violation by Defendant of Lanham Act section 43(a) and state and common law unfair competition and trademark laws.

2. Pinup Culture is a family-owned business established in 2012 that

*COMPLAINT FOR FEDERAL UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN (15 USC § 1125(a); COMMON LAW TRADEMARK INFRINGEMENT; UNFAIR COMPETITION (CAL BUS & PROF CODE § 17200 et seq.); AND COMMON LAW UNFAIR COMPETITION*

1

THE AFFINITY LAW GROUP®
5755 Oberlin Drive, Suite 200
San Diego, CA 92121
(858) 412-4296

1  operates a retail store in Escondido, California. Pinup Culture specializes in pinup-
2  and rockabilly-themed products and services.

3      3.    Pinup Culture sells vintage and new vintage clothing, accessories and
4  merchandise for men, women and children at its retail location in Escondido. It also
5  offers related services such as photography, full-service salon and barber services,
6  and event planning.

7      4.    Starting in or about 2014, Pinup Culture has put on and hosted social
8  events and gatherings featuring vintage cars and pinup models. At such events, Pinup
9  Culture offers live music, auctions, merchandise sales, food, and drink.

10     5.    An essential part of Pinup Culture's business is the trademarks and trade
11 names that it uses to market and sell its services and products. Among the trademarks
12 used by Pinup Culture is the trademark "Pistons & Pinups."

13     6.    Starting in or about 2014, Pinup Culture has used the trademark "Pistons
14 & Pinups" to identify, advertise and promote the social events and gatherings it
15 offers, as well as the various products and services it sells at its retail locations.

16     7.    The "Pistons & Pin-ups" trademark has come to be known and
17 understood by consumers, vendors, and Pinup Culture's competitors, to identify
18 Pinup Culture and to designate the high-quality services and products marketed and
19 sold by Pinup Culture including, in particular and without limitation, the events put
20 on and hosted by Pinup Culture.

21     8.    Defendant operates a restaurant and brewery in Oceanside, California.
22 In or about 2016, Defendant approached Pinup Culture and proposed that Pinup
23 Culture allow Defendant to sell its beer products at Pinup Culture's 2016 Pistons &
24 Pinups event. Pinup Culture agreed and Pinup Culture's 2016 event was expanded so
25 that it started at Pinup Culture's location and ended at Defendant's location.

26     9.    To identify and promote the 2016 event, Pinup Culture developed the
27
28 *COMPLAINT FOR FEDERAL UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN (15 USC § 1125(a); COMMON LAW TRADEMARK INFRINGEMENT; UNFAIR COMPETITION (CAL BUS & PROF CODE § 17200 et seq.); AND COMMON LAW UNFAIR COMPETITION*

name "Pistons Pinups and Beer" as a variation on its Pistons & Pinups trademark, and created a special logo for the 2016 event, and used both to identify and promote Pinup Culture's 2016 event.

10. Ultimately, Pinup Culture determined that it did not gain any benefit by allowing Defendant to participate in and sell beer at Pinup Culture's 2016 event, so Pinup Culture declined to have Defendant participate in any more "Pistons & Pin-ups" events after the 2016 event.

11. Unfortunately, however, Defendant has hijacked the "Pistons & Pinups" name and now is promoting and advertising that it will hold an event on August 19, 2017 called "Pistons Pinups and Beer II."

12. To make the situation worse, Pinup Culture has an event that also is scheduled for August 19, 2017 called "Pistons & Pin-ups For A Cause," which is a charity event whose proceeds will be donated to a local charity that helps families that have had children diagnosed with cancer.

13. As it began to plan and organize its August 19 event, Pinup Culture discovered that Defendant has traded on Pinup Culture's exemplary name, reputation, and trademark rights, by inducing various vendors and bands to agree to participate in Defendant's August 19 event on the mistaken belief that Defendant's event actually was being put on by Pinup Culture.

14. Pinup Culture consequently is informed and believes that there is significant actual confusion in the marketplace about who is putting on, sponsoring, and involved in Defendant's August 19 event.

15. As alleged herein, Defendant's conduct constitutes trademark infringement under the common law, violates Lanham Act section 43(a), and constitutes unfair competition under California and common law. Pinup Culture accordingly brings this action to secure relief under federal, California and the

*COMPLAINT FOR FEDERAL UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN (15 USC § 1125(a); COMMON LAW TRADEMARK INFRINGEMENT; UNFAIR COMPETITION (CAL BUS & PROF CODE § 17200 et seq.); AND COMMON LAW UNFAIR COMPETITION*

3

common law to redress and remedy Defendant's wrongful acts. By this action, Pinup Culture seeks injunctive relief, money damages and all other appropriate relief.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this matter pursuant to (i) 28 U.S.C. § 1338(a) (action arising under trademark law); (ii) 28 U.S.C. §1338(b) (claims for unfair competition joined with claims under the trademark law); (iii) 15 U.S.C. § 1121(a) (action arising under the Lanham Act); and (iv) and principles of pendant jurisdiction.

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district and 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## THE PARTIES

18. Plaintiff Pinup Culture is a limited liability company organized and existing under the laws of the State of California with its principal place of business at 105 E. Grand Avenue, Escondido, California 92025 at all relevant times. Pinup Culture is the owner of all right, title and interest in and to the Pistons & Pinups trademark.

19. Pinup Culture is informed and believes and on that basis alleges that Defendant is a corporation organized and existing under the laws of the State of California with its principal place of business at 363 Airport Road, Oceanside, California 92058 at all relevant times.

## GENERAL ALLEGATIONS

A. Pinup Culture's Business and Trademark Rights

20. As alleged herein, Pinup Culture is a family-owned business located in Escondido, California that specializes in pinup- and rockabilly-themed products and

services.

21. Pinup Culture sells vintage and new vintage clothing, accessories and merchandise for men, women and children at its retail location in Escondido. It also offers related services such as photography, full-service salon and barber services, and event planning.

22. As alleged herein, starting in or about 2014, Pinup Culture has put on and hosted social events and gatherings featuring vintage cars and pinup models. At such events, Pinup Culture offers live music, auctions, merchandise sales, food, and drink.

23. An essential part of Pinup Culture's business is the trademarks and trade names that it uses to market and sell its services and products. Among the valuable trademarks owned and used by Pinup Culture in connection with its business activities is the trademark "Pistons & Pinups."

24. Starting in or about 2014, and on a continuous basis to the present, Pinup Culture has used the trademark "Pistons & Pinups" to identify, advertise and promote the social events and gatherings it offers, as well as the various products and services it sells at its retail locations.

25. Pinup Culture uses the Piston & Pinups trademarks to identify, advertise and promote its events, products and services in a variety of ways. A significant portion of Pinup Culture's marketing is done over the Internet and through social media. Pinup Culture prominently uses its Pistons & Pinups trademark on the Internet, on its website, and on its social media sites.

26. Pinup Culture also prominently and extensively uses the Pistons & Pinups trademark in its printed marketing and promotional materials and direct customer advertising.

27. As a result of the extensive use by Pinup Culture of the Pistons & Pinups

*COMPLAINT FOR FEDERAL UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN (15 USC § 1125(a); COMMON LAW TRADEMARK INFRINGEMENT; UNFAIR COMPETITION (CAL BUS & PROF CODE § 17200 et seq.); AND COMMON LAW UNFAIR COMPETITION*

5

trademark in its advertising and promotional activities, the use by Pinup Culture of the Pistons & Pinups trademark to identify its events, products and services, the length of use by Pinup Culture of such trademark, the public recognition of such trademark, and the unique, high quality events, products, and services offered and sold by Pinup Culture using the Pistons & Pinups trademark, such trademark is widely understood and recognized by consumers and those in the pinup/rockabilly/classic car market as being Pinup Culture's trademark, and such trademark distinguishes Pinup Culture's events, products, and services, from the products and services of others.

28. For the reasons alleged herein, the Pistons & Pinups trademark is a valuable asset owned by Pinup Culture and has come to represent significant and valuable goodwill belonging exclusively to Pinup Culture.

29. For the reasons alleged herein, Pinup Culture has extensive common law trademark rights in the Pistons & Pinups trademark. Such trademark rights have been valid and subsisting at all relevant times.

B. Defendant's Wrongful Acts

30. As alleged herein, in or about 2016, Defendant approached Pinup Culture and proposed that Pinup Culture allow Defendant to sell its beer products at Pinup Culture's 2016 Pistons & Pinups event. Pinup Culture agreed and Pinup Culture's 2016 event was expanded so that it started at Pinup Culture's location and ended at Defendant's location.

31. To identify and promote the 2016 event, Pinup Culture developed the name "Pistons Pinups and Beer" as a variation on its Pistons & Pinups trademark, and created a special logo for the 2016 event, and used both to identify and promote Pinup Culture's 2016 event.

32. Ultimately, Pinup Culture determined that it did not gain any benefit by

*COMPLAINT FOR FEDERAL UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN (15 USC § 1125(a); COMMON LAW TRADEMARK INFRINGEMENT; UNFAIR COMPETITION (CAL BUS & PROF CODE § 17200 et seq.); AND COMMON LAW UNFAIR COMPETITION*

6

allowing Defendant to participate in and sell beer at Pinup Culture's 2016 event, so Pinup Culture declined to have Defendant participate in any more "Pistons & Pin-ups" events after the 2016 event.

33. Unfortunately, however, Defendant has hijacked the "Pistons & Pinups" name and now is promoting and advertising that it will hold an event on August 19, 2017 called "Pistons Pinups and Beer II."

34. Defendant's website located at www.legacybrewingco.com prominently features the name "Pistons Pinups and Beer II" to market the event that Defendant intends to offer on August 19, 2016.

35. Pinup Culture also has learned that Defendant has been extensively using the name "Pistons Pinups and Beer II" on social media to advertise and promote the event that Defendant plans to offer on August 19.

36. Pinup Culture also has an event scheduled for August 19, 2017 called "Pistons & Pin-ups For A Cause," which is a charity event featuring pinup models and classic cars (like Pinup Culture's other Pistons & Pinups events) whose proceeds will be donated to a local charity that helps families that have had children diagnosed with cancer.

37. As it planned and organized its August 19 event, Pinup Culture discovered that Defendant has traded on Pinup Culture's exemplary name, reputation, and trademark rights, by inducing various vendors and bands to agree to participate in Defendant's August 19 event on the mistaken belief that Defendant's event actually was being put on by Pinup Culture.

38. Pinup Culture further discovered that consumers seeking information about Pinup Culture's August 19 event have been, and are being, misdirected to Defendant's social media sites because of Defendant's infringement of Pinup Culture's trademark rights and aggressive use of the "Pistons Pinups and Beer II"

*COMPLAINT FOR FEDERAL UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN (15 USC § 1125(a); COMMON LAW TRADEMARK INFRINGEMENT; UNFAIR COMPETITION (CAL BUS & PROF CODE § 17200 et seq.); AND COMMON LAW UNFAIR COMPETITION*
7

name to promote its August 19 event.

39. Pinup Culture is informed and believes, and on that basis alleges, that Defendant has falsely represented to consumers, and continues to falsely represent to consumers, that Defendant, not Pinup Culture, owns trademark rights in the Pistons & Pinups trademark.

40. Defendant's wrongful actions as alleged herein create a likelihood of confusion and have created actual confusion among consumers, and present the risk of deceiving the public into believing that Defendant has the right to use and/or owns rights in the term "Pistons & Pinups" when that is not true.

## FIRST CLAIM FOR RELIEF

(Violation of Lanham Act Section 43(a))

41. Pinup Culture realleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 40 of this Complaint as though set forth in full herein.

42. This claim for relief is for violation of Lanham Act section 43(a), 15 U.S.C. § 1125(a).

43. The wrongful actions of Defendant as alleged herein constitute unfair competition and false advertising in violation of Lanham Act section 43(a).

44. Pinup Culture will be irreparably harmed unless Defendant is enjoined from wrongful conduct as alleged herein, and from any further acts of unfair competition and false advertising relating to Pinup Culture's Pistons & Pinups trademark.

45. Pinup Culture has no adequate remedy at law and serious damage to its rights will result unless Defendant's wrongful actions are enjoined by the court.

46. The actions of Defendant as alleged herein constitute intentional, willful, knowing and deliberate unfair competition and false advertising pursuant to Lanham

*COMPLAINT FOR FEDERAL UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN (15 USC § 1125(a); COMMON LAW TRADEMARK INFRINGEMENT; UNFAIR COMPETITION (CAL BUS & PROF CODE § 17200 et seq.); AND COMMON LAW UNFAIR COMPETITION*

8

Act Section 43(a).

47. Defendant's acts of unfair competition and false advertising have caused Pinup Culture to suffer damages in an amount unknown at this time and have caused Defendant to gain revenues and profit in an amount unknown at this time. Pursuant to 15 U.S.C. § 1117(a), Pinup Culture is entitled to an award of monetary damages in an amount equal to the losses suffered by Pinup Culture and the revenues and/or profits gained by Defendant, which damages should be augmented as provided by 15 U.S.C. §1117(a).

48. Pursuant to 15 U.S.C. § 1117(a), any monetary damages awarded to Pinup Culture should be trebled.

49. Pursuant to 15 U.S.C. § 1117(a), Pinup Culture is entitled to an award of attorneys' fees and costs of suit.

## SECOND CLAIM FOR RELIEF

(Common Law Trademark Infringement)

50. Pinup Culture realleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 49 of this Complaint as though set forth in full herein.

51. This claim for relief is for common law trademark infringement.

52. The actions of Defendant as alleged herein constitute common law trademark infringement.

53. Pinup Culture will be irreparably harmed unless Defendant's wrongful conduct and any further acts of trademark infringement relating to Pinup Culture's Pistons & Pinups trademark are enjoined by the court.

54. Pinup Culture has no adequate remedy at law and serious damage to its rights will result unless the Defendant's wrongful conduct is enjoined by the court.

55. The actions of Defendant as alleged herein constitute intentional, willful,

*COMPLAINT FOR FEDERAL UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN (15 USC § 1125(a); COMMON LAW TRADEMARK INFRINGEMENT; UNFAIR COMPETITION (CAL BUS & PROF CODE § 17200 et seq.); AND COMMON LAW UNFAIR COMPETITION*

9

knowing and deliberate trademark infringement.

56. As a direct and proximate result of the acts of trademark infringement alleged herein, Pinup Culture has suffered, and will continue to suffer, damages in an amount unknown at this time. Likewise, as a direct and proximate result of the acts of trademark infringement as alleged herein, Defendant wrongfully has gained revenues and profit in an amount unknown at this time.

57. Defendant committed the acts of trademark infringement alleged herein intentionally, deliberately, maliciously, with intent to injure and oppress Pinup Culture, and in conscious disregard of the rights of Pinup Culture. Pinup Culture accordingly is entitled to an award of punitive and exemplary damages in an amount sufficient to punish and deter Defendants and make him an example to others.

## THIRD CLAIM FOR RELIEF

(Violation of California B&P Code Section 17200 et seq.)

58. Pinup Culture realleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 57 of this Complaint as though set forth in full herein.

59. This claim for relief is for unfair competition and false advertising in violation of California Business and Professions Code section 17200 et seq.

60. The actions of Defendant as alleged herein constitute unfair competition and false advertising in violation of California Business and Professions Code section 17200 et seq.

61. Pinup Culture will be irreparably harmed unless Defendant's wrongful conduct and any further acts of unfair competition and false advertising relating to Pinup Culture's Pistons & Pinups trademark are enjoined by the court.

62. Pinup Culture has no adequate remedy at law and serious damage to its rights will result unless the Defendant's wrongful conduct is enjoined by the court.

*COMPLAINT FOR FEDERAL UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN (15 USC § 1125(a); COMMON LAW TRADEMARK INFRINGEMENT; UNFAIR COMPETITION (CAL BUS & PROF CODE § 17200 et seq.); AND COMMON LAW UNFAIR COMPETITION*
10

63. The actions of Defendant as alleged herein constitute intentional, willful, knowing and deliberate unfair competition and false advertising.

64. Defendants' acts of unfair competition and false advertising have caused Defendant to gain revenues and profit in an amount unknown at this time. Pursuant to California Business & Professions Code section 17203, Pinup Culture is entitled to a disgorgement in an amount equal to the revenues and/or profits gained by Defendant.

## FOURTH CLAIM FOR RELIEF

(Common Law Unfair Competition)

65. Pinup Culture realleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 66 of this First Amended Complaint as though set forth in full herein.

66. This claim for relief is for common law unfair competition.

67. The actions of Defendant as alleged herein constitute common law unfair competition.

68. Pinup Culture will be irreparably harmed unless Defendant's wrongful acts and any further acts of unfair competition relating to Pinup Culture's Pistons & Pinups trademark are enjoined by the court.

69. Pinup Culture has no adequate remedy at law and serious damage to its rights will result unless the Defendant's wrongful conduct is enjoined by the court.

70. The actions of Defendant as alleged herein constitute intentional, willful, knowing and deliberate unfair competition.

71. As a direct and proximate result of the acts of unfair competition alleged herein, Pinup Culture has suffered, and will continue to suffer, damages in an amount unknown at this time. Likewise, as a direct and proximate result of the acts of unfair competition as alleged herein, Defendant has wrongfully has gained

*COMPLAINT FOR FEDERAL UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN (15 USC § 1125(a); COMMON LAW TRADEMARK INFRINGEMENT; UNFAIR COMPETITION (CAL BUS & PROF CODE § 17200 et seq.); AND COMMON LAW UNFAIR COMPETITION*

11

revenues and profit in an amount unknown at this time.

72. Defendant committed the acts of unfair competition alleged herein intentionally, deliberately, maliciously, with intent to injure and oppress Pinup Culture, and in conscious disregard of the rights of Pinup Culture. Pinup Culture accordingly is entitled to an award of punitive and exemplary damages in an amount sufficient to punish and deter Defendant and make him an example to others.

## PRAYER FOR RELIEF

WHEREFORE, Pinup Culture prays for judgment against Defendant as follows:

1. For a temporary, preliminary and permanent injunction restraining and enjoining Defendant, and its agents, servants, employees, and all others in active concert or participation with it, as follows:

a) From further using the Pistons & Pinups trademark;

b) From further infringing the Pistons & Pinups trademark;

c) From further advertising, promoting, distributing, offering for sale, and/or selling, any event, product and/or service using the Pistons & Pinups trademark or any other word or phrase confusingly similar to Pinup Culture's Pistons & Pinups trademark, including without limitation, the "Pistons Pinups and Beer II" name.

d) From further acts of false advertising and unfair competition as alleged herein.

2. For an award of damages suffered by Pinup Culture, plus any revenues or profits earned by Defendant, as a result of Defendant's trademark infringement, unfair competition, and false advertising, in an amount to be proven at trial.

3. For an award of augmented and treble damages to the maximum extent allowed by law.

4. For an award of punitive and exemplary damages in an amount to be proven at trial but sufficient to punish and deter Defendant.

5. For an award of attorneys' fees, costs, and expenses, to the maximum extent allowed by law.

6. For such other and further relief as the Court may deem appropriate.

DATED: July 5, 2017

THE AFFINITY LAW GROUP®

By: */s/ Gregory P. Goonan*
Gregory P. Goonan
Attorneys for Plaintiff
Pinup Culture LLC

4. For an award of punitive and exemplary damages in an amount to be proven at trial but sufficient to punish and deter Defendant.

5. For an award of attorneys' fees, costs, and expenses, to the maximum extent allowed by law.

6. For such other and further relief as the Court may deem appropriate.

DATED: July 5, 2017

THE AFFINITY LAW GROUP®

By: */s/ Gregory P. Goonan*
Gregory P. Goonan
Attorneys for Plaintiff
Pinup Culture LLC

THE AFFINITY LAW GROUP®
5755 Oberlin Drive, Suite 200
San Diego, CA 92121
(858) 412-4296

## DEMAND FOR JURY TRIAL

Plaintiff Pinup Culture LLC hereby demands a trial by jury in this matter.

DATED: July 5, 2017 THE AFFINITY LAW GROUP®

By: */s/ Gregory P. Goonan*
Gregory P. Goonan
Attorneys for Plaintiff
Pinup Culture LLC

*COMPLAINT FOR FEDERAL UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN (15 USC § 1125(a); COMMON LAW TRADEMARK INFRINGEMENT; UNFAIR COMPETITION (CAL BUS & PROF CODE § 17200 et seq.); AND COMMON LAW UNFAIR COMPETITION*

14